*S. H. McCall, Jr., Attorney for the appellant.*

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney, for the State.*

PER CURIAM. An examination of the bill of indictment discloses that it does not properly charge a felonious escape because it nowhere refers to "previous conviction of escape from the State Prison System" which is one of the elements necessary under G.S. 148-45. However, it will support a charge of an escape, a misdemeanor. The Attorney General is well advised in conceding as much. The cause will be remanded to the Superior Court of Montgomery County for proper judgment upon a plea of guilty of escape, a misdemeanor. The defendant is entitled to credit for any time he may have served upon the invalid judgment.

Error and remanded.

MOORE, J., not sitting.

---

STATE v. RAY GIBSON SIMS, SR.

(Filed 4 May, 1966.)

APPEAL by defendant from *McLaughlin, J.,* January Session 1966 of CABARRUS.

The bill of indictment charged that the defendant, on 19 May 1965, did feloniously steal $237.13 of the lawful money of the United States which belonged to the Tar Heel Oil Company, a corporation.

The State's evidence tends to show that the defendant and a companion were in the filling station of the Tar Heel Oil Company in the afternoon of May 19, 1965, and that the money box was found missing shortly after they left. That same afternoon about 6 P.M. the money box of the Tar Heel Oil Company was found near the defendant's parked Pontiac automobile which had been driven out on Rankin Road and left on a little dead-end road about 50 yards off the Rankin Road in the western edge of Kannapolis, in a wooded area. The box still contained $111 and the defendant when arrested had on his person $73.27, and his companion, who died before trial, had on his person $61.21.

The jury returned a verdict of guilty of the larceny of property

of the value of under $200. From the judgment imposed the defendant appeals, assigning errors.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*
*B. W. Blackwelder for the defendant.*

PER CURIAM. The defendant's assignments of error have been examined, and in our opinion they present no prejudicial error. In the trial below we find
No error.

MOORE, J., not sitting.

STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION, PLAINTIFF, v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY, DEFENDANT.

(Filed 11 May, 1966.)

**1. Utilities Commission § 9—**

The Supreme Court may affirm the judgment of the Superior Court reversing a decision of the Utilities Commission and remanding ·the cause to the Commission if the judgment of the Superior Court is correct on any one of the grounds enumerated by the statute and specifically set forth in the notice of appeal from the Commission, and it is not necessary that the Supreme Court concur in the ruling by the Superior Court upon every ground set forth in the order. G.S. 62-94(b)(c).

**2. Same; Utilities Commission § 1—**

G.S. 62-79(a) and G.S. 62-60 must be construed together, and where one member of the Utilities Commission writes the decision of the Commission refusing an application for a certificate of public convenience and necessity, and two other members of the Commission concur therein on the ground that the Commission had no jurisdiction to determine the application, the decision is a decision and order of the Commission, and, the concurring opinions suggesting no other findings of fact, it is error for the Superior Court on appeal to sustain exception to the findings and conclusions on the ground that they were not those of a majority of the Commission.

**3. Utilities Commission § 1—**

The Utilities Commission has no jurisdiction to entertain an application for a certificate of public convenience and necessity by an applicant which is not a public utility as defined by G.S. 62-3(23), and its issuance of such certificate would be a nullity and could not constitute a basis for a further